### Burns v. Philadelphia Transportation Co., Inc., et al.

*Morris W. Kolander,* for plaintiff.

*Richardson Dilworth,* for defendant.

*Swartz, Campbell & Henry* and *Irwin Benjamin,* for additional defendants.

PARRY, J., April 14, 1942.—Petition to set aside service of process upon the Shawmut Transportation Company, an additional defendant.

The defendant, Philadelphia Transportation Company, sought to bring the additional defendants upon the record by serving a writ upon the Secretary of Revenue pursuant to the provisions of the Act of May 14, 1929, P. L. 1721. No question arises as to Schellhorn but counsel for Shawmut Transportation Company appearing de bene esse moves to set aside the service of process as to it on the ground that it is not a person who may be so served. The pertinent portion of the Act provides that:

". . . any nonresident of this Commonwealth, being the operator or owner of any moter vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, shall, by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or

collision occurring within the Commonwealth in which such motor vehicle is involved."

It must be taken as established by the pleadings that Schellhorn is the owner as well as the operator of the vehicle involved in the collision and that at the time, he was driving the said vehicle, and that it was then and there being operated by him. That Shawmut Transportation Company was the lessee of the vehicle which was being operated and driven by Schellhorn who was engaged on Shawmut Transportation Company's business. The defendant contends that the words "having the same operated" are sufficiently broad to cover the additional defendant for it is said to follow, that where an automobile is being operated by someone who is engaged on the business of a lessee the lessee is having it operated.

We do not think it so follows or that the language may be so construed. The statute is only concerned with the operator of a motor vehicle or the owner of such a vehicle who is having it operated for him by somebody else. The clause "having the same operated" refers to the nonresident owner as an analysis of the language will indicate. We understand the section to mean that any nonresident who is the operator or the owner of any motor vehicle, who shall accept the privilege extended by the laws to nonresident operators of operating a motor vehicle or to nonresident owners of having a motor vehicle operated for them shall by such acceptance, etc.

As the Shawmut Transportation Company is neither the operator nor the owner of the motor vehicle here involved, it does not come within the provisions of the statute and jurisdiction over it cannot be acquired by service on the Secretary of Revenue.

The rule to set aside the service of process upon Shawmut Transportation Company is made absolute.